IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL A. WILLIAMS, #368234,   *

  Plaintiff,   *

v.   *   CIVIL NO. WDQ-11-2972

STATE OF MARYLAND,   *
SENIOR TROOPER KENNY L. BROWN,[1]
TROOPER FIRST CLASS KYLE L.   *
DUNGEE, and
TROOPER FIRST CLASS JAMES E.   *
LYLES,
  *
  Defendants.
  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On October 18, 2011, Plaintiff Michael A. Williams filed a civil rights complaint under 42 U.S.C. § 1983, seeking money damages[2] for excessive force in his arrest. ECF Nos. 1 and 11. The Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 8. Plaintiff has responded (ECF Nos. 14, 16 and 17),[3] Defendants have filed a Reply (ECF No. 21), and Plaintiff has filed a surreply. ECF No. 22. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of the Defendants' names.

[2] In his surreply (ECF No. 22 at 2), Plaintiff requests injunctive relief enabling him to bring criminal charges against various law enforcement officers involved in his arrest. As a private citizen, Plaintiff lacks a judicially cognizable interest in the prosecution or non-prosecution of others for their alleged unlawful acts. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam). That power is invested exclusively in the executive branch. Therefore, Plaintiff's request to file a criminal complaint cannot be granted here.

[3] Plaintiff's responses focus entirely on perceived discrepancies in evidence presented in his criminal trial (e.g., why damage to Plaintiff's vehicle was not photographed or whether the vehicle driven by the co-owner of the junk yard actually landed in a ditch when struck by Plaintiff's vehicle), and whether prosecutorial error or ineffective assistance of trial counsel led to his conviction. While Plaintiff is free to attack his conviction by seeking federal habeas corpus relief, such claims are not relevant to this lawsuit and are not before this Court at this time.

## Factual Background[4]

On April 19, 2010, Baltimore County police responded to John Brown's Auto Parts after receiving a call from Jay Brown that two men had stolen property. ECF No. 8, Ex. 1, Baltimore County Police Department Crime Report, CC Number 10-109-0164, at 2. Brown said that he was following the suspects, who had fled in a white Isuzu Rodeo and were heading southbound on Interstate 83 ("I-83"). *Id.* Two officers of the Baltimore County Police Department spotted the Isuzu on I-83, and activated their lights and sirens near Shawan Road. *Id.* The Isuzu's driver, later identified as Williams, failed to stop. ECF No.8, Ex. 3, Declaration of Kyle L. Dungee, at ¶¶ 3-4.

The Maryland State Police ("MSP") had also been notified of the pursuit. ECF No. 8, Ex. 2, MSP Criminal Investigation Report CIR – 1067004612. MSP Trooper First Class Hall deployed stop sticks in an attempt to stop the Isuzu; however, Williams swerved and avoided them. ECF No. 8, Ex. 4, Declaration of James E. Lyles, at ¶ 5. With County and MSP officers behind him, Williams exited I-83 at the Timonium Road exit and drove into Baltimore City, where Baltimore City police were notified of the incident and joined the pursuit. ECF No.8, Ex. 1 at 3, Ex. 3 at ¶ 5, Ex. 4 at 5-6. Williams ran through stop signs and reds lights, drove down one-way streets, and drove on the left side of the road. *Id.*, Ex. 3 at ¶ 5, Ex. 4 at 5. At Franklintown Road and Old Franklin Street, Williams's passenger, Robert Hopkins, bailed out of the moving vehicle as it slowed down to make a left turn. *Id.*, Ex. 3 at ¶ 6. Hopkins was arrested by Trooper First Class Hall. ECF No.8, Ex. 1 at 3, Ex. 3 at ¶ 6, Ex. 4 at 6.

Williams's vehicle swerved and struck the patrol car driven by Defendant Trooper First

---

[4] For the motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). For the motion for summary judgment, Williams's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Class Dungee. ECF No. 8, Ex. 5, Declaration of Kenny L. Brown, at ¶ 9, Ex. 3 at ¶ 7, Ex. 4 at ¶ 7. Dungee continued the pursuit. *Id.*, Ex. 3 at ¶ 7, Ex. 4 at ¶ 7. Williams drove his vehicle off the road into a grassy area of the park and fled on foot. *Id.*, Ex. 3 at ¶ 8, Ex. 4 at ¶ 8, Ex. 5 at ¶ 10.

The parties dispute what happened next. The Defendants assert that they parked their vehicles on the roadway next to the park and ran after Williams. *Id.*, Ex. 3 at ¶ 9, Ex. 4 at ¶ 9, Ex. 5 at ¶ 10. Senior Trooper Brown told Williams to stop and that he was under arrest. ECF No. 8, Ex. 5 at ¶ 10. Williams fell onto the grass and attempted to get up, at which point Brown grabbed Williams's right arm, ordered him to stay down, and told him that he was under arrest. *Id.*, Ex. 5, at ¶ 11. Williams held his hands under his body, and Dungee grabbed Williams's left arm and attempted to keep the arm straight to prevent Williams from rolling onto his back. *Id.*, Ex. 3 at ¶ 9. The two struggled, and Williams hit Dungee in the face, cracking his eyeglasses. *Id.* Trooper First Class Lyles then used a wrist lock and Williams was cuffed and arrested. *Id.*, Ex. 4 at ¶ 10.

Williams admits that he "jump[ed] out of [his] vehicle and started running," but asserts that "[he] was hit on the legs by a mark[ed] police vehicle [that] b[r]ought [him] down to the ground." ECF No. 1 at 3. He further asserts that he turned over to acquiesce but was hit and kicked in the head, back, and legs by Troopers Lyles, Brown and Dungee. *Id.*

It is undisputed that Williams was taken to the Golden Ring Barrack, where he refused to exit the vehicle and appeared to be asleep. ECF No. 8, Ex. 4 at ¶ 12. After being pulled out of the patrol vehicle, as Corporal McCaskill and Lyles were escorting Williams into the barrack, he stated, "My legs hurt, I can't walk," refused to take any additional steps, went limp, and sat on the ground in the parking lot. *Id.* McCaskill, Trooper First Class Holloway, and Lyles carried

Williams into the barrack and placed him in a holding cell. *Id.* Williams complained of leg pains and claimed that he needed insulin. *Id.* at ¶ 13.

Baltimore County Fire Department paramedics were dispatched to the barrack to assess Williams, who was conscious and alert. *Id.* When directed by EMS to walk to a stretcher, Williams remained on the floor and did not move. *Id.* MSP Sergeant Forrester, Lyles, and EMS personnel carried Williams out of the cell on a stretcher. *Id.* Williams was transported to Franklin Square Hospital Center for treatment. *Id.* At the hospital, Williams told Lyles that he was struck by a Baltimore City police vehicle while he was running on foot in the park and advised that he was going to contact Congressman Elijah Cummings to complain. *Id.*

Medical records reveal that Williams told hospital personnel that he had been running from the police, that his legs were hit by a car, and that his head hurt. *Id.*, Ex. 7, Medical Records of Michael A. Williams, at 3. He also stated that he fell onto the ground and was kicked in the head, chest, and back. *Id.* Williams's medical evaluation notes reveal no injuries aside from a bruise on his forehead and dried blood at his right nostril. *Id.* at 7. No lacerations, swelling, redness, or other obvious forms of trauma were present anywhere on Williams's body. *Id.* at 7, 15. Williams complained of foot pain after taking four steps. *Id.* at 15. Hospital staff gave him insulin to lower his blood sugar and Motrin for pain. *Id.* at 5.

Upon release from the hospital, Williams was taken to Central Booking and Intake in Baltimore, Maryland. *Id.*, Ex. 4, at ¶ 17. On March 25, 2011, Plaintiff was tried by a jury in the Circuit Court for Baltimore County and convicted of second-degree assault and fourth-degree burglary.[5] He was sentenced to a 13-year term of imprisonment and is now serving that sentence

---

[5] Thirteen counts of motor vehicle violations , see http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03K11005108&loc=55&detailLoc=K, and six additional counts, including counts of assault, assault of law enforcement officials, and resisting arrest, see http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=4B02064262&loc=1&detailLoc=DSCR, were

in the Maryland Division of Corrections' Maryland Correctional Training Center in Hagerstown.[6]

## Standards of Review

### Motion to Dismiss

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people[.]'" *Id.* at 557-558 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *Takacs v. Fiore*, 473 F.Supp.2d 647, 651 (D. Md. 2007).

### Motion for Summary Judgment

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

later nolle prossed.

[6] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03K10004444&loc=55&detailLoc=K.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 249.

The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (citing *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th 1998).

### Excessive Use of Force During Arrest

Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U. S. 386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (internal citation omitted). Factors to be included in making this determination include the severity of the crime, whether

there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "from the perspective of a reasonable officer on the scene." *Id*. "The Constitution simply does not require police to gamble with their lives in the face of a serious threat of harm." *Elliot v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996). "The right to make an arrest carries with it the right to use the amount of force that a reasonable officer would think necessary to take the person being arrested into custody." *Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988).

## Analysis

### State of Maryland

The State of Maryland seeks dismissal on the basis of immunity. ECF No. 8 at 16. Under the Eleventh Amendment, a state and its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the state of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't, § 12-202(a), it has not waived its immunity to suit in federal court under the Eleventh Amendment. For this reason the motion to dismiss made on behalf of the State of Maryland must be granted.

### Remaining Defendants

The remaining Defendants claim that they are entitled to summary judgment based on qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In determining whether a government official

is entitled to qualified immunity, '[courts] must (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable offic[ial] would have understood that the conduct at issue violated the clearly established right.'" *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000) (quoting *S.P. v. City of Tacoma Park*, 134 F.3d 260, 265 (4th Cir. 1998)); *see also Vathekan v. Prince George's County*, 154 F.3d 173, 179 (4th Cir. 1998).

The right of citizens to be free from excessive force during arrest is a clearly recognized constitutional right. *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009). Thus, Plaintiff has satisfied the first two prongs of the *Henderson* test.

The third prong of the qualified immunity analysis -- reasonableness -- is an objective standard. *See Anderson v Creighton*, 483 U.S. 635, 638 (1987). The proper inquiry is whether a reasonable officer could have believed that the application of force was lawful. *Id.* at 641.

The Court finds that a reasonable officer could have believed that chasing a fleeing suspect and using the techniques employed to force him to surrender his hands for handcuffing was legal. The uncontroverted medical records demonstrate that Plaintiff sustained minor injuries consistent with striking his vehicle against a police vehicle during a chase and later falling on the ground and wrestling to pull his arms and hands away from police officers attempting to effect his arrest. The facts alleged by Plaintiff – that he was struck by a police vehicle while fleeing on foot and thereafter kicked and beaten while submitting to arrest – are not supported by Defendants' sworn testimony or the medical records. Although the medical records do not expressly negate Williams's claim that he was struck by a car, "evidence [that] is merely colorable . . . or is not significantly probative" cannot defeat a motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Nor can Williams rely on the mere allegations of his complaint.

*Rivanna Trawlers Unlimited*, 840 F.2d at 240. He has presented no evidence from which "a reasonable jury could return a verdict for [him]." *Anderson*, 477 U.S. at 249. Thus, Defendants Brown, Dungee, and Lyles are entitled to summary judgment in this case. *See Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (immunity granted if constitutional violation is not shown from the evidence or if constitutional right was not clearly established at the time of the alleged misconduct).

## Conclusion

For the reasons stated above, the Court will dismiss the claims against the State of Maryland, and grant summary judgment to the remaining Defendants. A separate Order follows.

_____6/5/12_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge